1

2

3

4                           UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    KENNETH EARL GAY,                          Case No.  24-cv-05235-JD

8                   Plaintiff,

9          v.                                   **ORDER RE DISMISSAL**

10   MARTIN DODD, et al.,

11                  Defendants.

12

13         Plaintiff, a state prisoner, filed a pro se civil rights complaint against his public defenders

14   under 42 U.S.C. § 1983.  The original complaint was dismissed with leave to amend, and plaintiff

15   has filed an amended complaint.

16         Federal courts engage in a preliminary screening of cases in which prisoners seek redress

17   from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

18   § 1915A(a).  The Court will identify any cognizable claims, and dismiss any claims which are

19   frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief

20   from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se pleadings are

21   liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

22         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

23   claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed

24   factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

25   relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

26   cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above

27   the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

28   omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its

United States District Court
Northern District of California

face." *Id.* at 570.  The United States Supreme Court has stated the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff is a state prisoner who was condemned to death.  He alleges that between 1985 and 2020, his public defenders committed malpractice in challenging his conviction.  He also contends that the system in place to litigate death penalty cases is deficient and the appellate process is unfair.  Plaintiff states that his attorneys did not properly defend him through various evidentiary hearings and trials.  He says that while he received a reversal of his conviction in 2020, his attorneys were deficient for not obtaining the reversal earlier.[1]

A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981); *accord Vermont v. Brillon*, 556 U.S. 81, 92 (2009).  It matters not that the public defender failed to exercise independent judgment or that she was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under *Polk County*.  *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003).

Although the Court had some doubt that plaintiff could plead facts to save his claim, he was provided an opportunity to amend his complaint.  The amended complaint contains similar allegations as the original complaint.  Assuming that plaintiff's appointed attorneys did not

---

[1] Plaintiff's conviction was overturned by the California Supreme Court in 2020, and the state was provided an opportunity to retry him.  *See In re Gay*, 8 Cal. 5th 1059, 1063 (2020).  Plaintiff was convicted at retrial and sentenced to life in prison, and he recently filed a notice of appeal.  *See People v. Gay*, Case No. B334339.

United States District Court
Northern District of California

perform as expected, it is not grounds for a federal civil rights claim, so the Section 1983 claim is not tenable.  Plaintiff's general allegations that the death penalty litigation process in California is deficient or that the appellate courts are unfair are also insufficient to state a federal claim. Because no amount of amendment could cure the deficiencies in this case, this action is dismissed without leave to amend.  The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: November 1, 2024

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California